UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRA LITTLE,

    Plaintiff,

v.                                                                                          Case No: 8:16-cv-578-T-36AEP

HALSTED FINANCIAL SERVICES, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Plaintiff's Motion for Entry of Default Judgment (Doc. 12). Defendant Halsted Financial Services, LLC ("Halsted") failed to respond to the Motion, and the time to do so has expired. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Entry of Default Judgment without prejudice.

**I.       STATEMENT OF FACTS**

This is an action for alleged violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"); and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). The Complaint alleges as follows: Halsted is a debt collection company that collects debts for third party Credit One Bank, to whom Little allegedly owes a debt as defined by Fla. Sat. § 559.55(6) and 15 U.S.C. § 1692a(5), which arose primarily for personal, family, or household purposes. Doc. 1 ("Compl.") ¶¶ 5, 8-9. On March 26, 2015, Little received a call from a male representative from Halsted attempting to collect the alleged debt. *Id*. ¶ 10. Little said that she could not pay the debt but might be able to make payments in three to four months. *Id*. ¶ 11. In response, Halsted's representative told her that Halsted could not wait that long and that he was

going to call Little's employer to verify her assets and income to file suit against her. *Id*. ¶¶ 12-13. Halsted's representative also stated that he would contact Little's employer to determine how much could be withdrawn and paid each month from Little's paycheck. *Id*. ¶ 14. However, neither Halsted nor Credit One Bank had a judgment against Little, and Halsted never contacted Little's employer. *Id*. ¶ 15.

In her Complaint, Little alleges that Halsted's actions violated the FCCPA and the FDCPA. A summons was issued as to Halsted, and service was executed on March 15, 2016. Doc. 6. Halsted failed to respond to the Complaint, and on April 28, 2016, Little sought the entry of a clerk's default against Halsted. Doc. 9. The Clerk entered default as to Halsted on April 29, 2016. Doc. 11.

Little now moves for entry of a default judgment, arguing that she is entitled to damages in the amount of $1,000 under the FCCPA, $1,000 under the FDCPA, as well as reasonable attorneys' fees in the amount of $2,700 and costs in the amount of $455 for a total of $5,155.

## II.     LEGAL STANDARD

A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact." *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, "default does not in itself warrant the court in entering a default judgment"—a court must still determine whether the factual allegations of the complaint provide a sufficient basis for the judgment entered, and "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Similarly, a plaintiff is

entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). A court may award cash damages without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation. *See id.* at 1543.

## III. DISCUSSION

### A. CLERK'S ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). *DirectTV, Inc. v. Griffin*, 290 F.Supp. 2d 1340, 1343 (M.D. Fla. 2003).

Under the federal rules, a plaintiff may serve an individual defendant by

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h)(1). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

The Clerk issued a summons to Halsted on March 10, 2016. Doc. 2. Little served Halsted on March 14, 2016 by serving Corporation Service Company in Tallahassee, Florida and leaving the summons and complaint with a Customer Service Specialist who was authorized to accept service. *See* Doc. 6.

Under Federal Rule of Civil Procedure 12(a)(1), Defendants were required to respond to Plaintiff's complaint within twenty-one (21) days from the date of service. The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner...." *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (citing Fed. R. Civ. P. 55(a)). Halsted failed to respond to the Complaint and has otherwise failed to appear in this action. Thus, the Clerk properly entered the default against the Defendant.

  **B. FDCPA**

In order to prevail on a claim under the FDCPA, a plaintiff must establish that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.,* 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quotation marks and citation omitted).

Little argues that she is entitled to judgment in her favor as to her FDCPA claim. The Court disagrees, Little has not established that she was the object of collection activity arising from a "debt" as defined by the FDCPA. For purposes of the FDCPA, a "debt" is "any obligation or

4

alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5).

Little has not alleged specific facts to support her conclusory allegation that the alleged debt was the subject of a transaction for personal, family, or household purposes. *See Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, 3:13-CV-101-J-12MCR, 2013 WL 5487022, at *2 (M.D. Fla. 2013) (denying default judgment where plaintiff's complaint did not allege any factual allegations regarding the alleged debt but merely recited the statutory definition).

Little needs specific factual allegations regarding the nature of the debt allegedly owed to Credit One Bank, for example, that the debt derived from a promissory note for her primary residence or a hospital bill. Under those specific types of facts the Court could determine whether the alleged debt was for personal, family, or household purposes. *See e.g. Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013) ("Therefore, this Court finds that Plaintiff has sufficiently pled that the state court complaint seeking enforcement of a promissory note constitutes debt collection under the FDCPA."); *Herber v. Prof. Adjustment Corp.,* No. 8:10–cv–794, 2010 WL 2103025, *1 (M.D. Fla. May 25, 2010) (granting default judgment in FDCPA case where plaintiff alleged that debt arose from hospital bill); *Frazier v. Absolute Collection Serv., Inc.,* 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011) ("[D]ebt stemming from the hospital visit constitutes a consumer debt.").

Under the FDCPA the term consumer debt does not include, for example, business loans; *Lingo v. City of Albany Dep't of Community & Econ. Dev.,* 195 F. App'x. 891, 893 (11th Cir. Sept.11, 2006); or "damage obligations thrust upon one as a result of no more than her own negligence." *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1371 (11th Cir. 1998). Since the

Court lacks sufficient factual allegations to determine whether the alleged debt was a consumer debt as defined by the FDCPA, it cannot grant default judgment at this time. The Court, therefore, must deny Little's Motion as it relates to her FDCPA claim.

### C. FCCPA

In relevant part, the FCCPA prohibits any person from: "[c]ommunicat[ing] or threaten[ing] to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection"; "[w]illfully engag[ing] in [] conduct which can reasonably be expected to abuse or harass the debtor"; or "assert[ing] the existence of some [] legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(4), (7), and (9). However, these provisions apply only to the collection of "consumer debts." Fla. Stat. § 559.72; *see also Morgan v. Wilkins*, 74 So. 3d 179, 181 (Fla 1st DCA 2011) (noting that Section 559.72 precludes certain conduct only "[i]n collecting consumer debts"). Under the FCCPA, a "consumer debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." Fla. Stat. § 559.55(6).

Little argues that she is entitled to default judgment as to her FCCPA claim. The Court disagrees. Little has established that Halsted made a threat to contact her employer before obtaining a judgment and wrongfully implied that it could garnish her wages, *see* Compl. ¶¶ 13-15, and has established that the communication was made "[i]n collecting [a] consumer debt[]." *See* Compl. ¶¶ 8-9. However, as discussed in Section III B, *supra*, Little has alleged only that Halsted was attempting to collect some unspecified and unidentified "debt" she owed to Credit

One Bank, which is insufficient to establish that the obligation to pay arose out of a transaction that was "primarily for personal, family, or household purposes."

Accordingly, the Court must deny Little's Motion as it relates to her FCCPA claim. *See Hansen v. Central Adjustment Bureau, Inc.*, 348 So. 2d 608, 609 (Fla. 4th DCA 1977) (affirming the dismissal of an FCCPA claim because "[t]here [was] no allegation that the defendant was collecting consumer claims.").

## IV. Relief Requested

Additionally, the Court observes that Plaintiff seeks to recover legal fees, including attorney's fees and costs. However, Plaintiff has provided no support for the amount of legal fees incurred. The only reference to the attorney's fees is in an affidavit from Plaintiff's counsel stating that Plaintiff requests attorney's fees in the amount of $2,700 and $455.00 in costs. The affidavit fails to identify information regarding the respective skill and experience levels of the billing attorneys.

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984)). Those seeking fees "bear [ ] the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman,* 836 F.2d at 1299. To aid in a court's determination of an attorney's reasonable

7

hourly rate, it may also consider the relevant factors as set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). *See Loranger,* 10 F.3d at 781, n. 6.

The *Johnson* factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Johnson,* 488 F.2d at 717. Unfortunately, neither the affidavit nor the Motion provide any information from which the Court can determine whether the rates charged are reasonable.

Likewise, the affidavit and Motion fail to provide sufficient information so that the Court can determine whether the number of hours expended in representing Plaintiff was reasonable. A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary. *Norman,* 836 F.2d at 1301 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Finally, Plaintiff should also provide the Court with an itemization of the alleged costs incurred so that it may make a determination as to whether to allow such costs.

Plaintiff failed to establish liability and entitlement to the relief requested, the Motion will be denied. However, the Court will permit Plaintiff an additional opportunity to replead and serve the Defendant with an amended complaint under Rule 4. In the event the Defendant again fails to appear or defend, Plaintiff may seek a default and default judgment against Defendant.

It is therefore,

**ORDERED**:

1.      Plaintiff's Motion for Entry of Default Judgment (Doc. 12) is DENIED without prejudice. To cure the deficiencies discussed in this Order and because Defendant failed to respond to Plaintiff's Motion, Plaintiff is granted leave to file an amended complaint on or before March 14, 2017.  If an amended complaint is filed, Plaintiff must properly serve it in accordance with the Federal Rules of Civil Procedure no later than April 4, 2017.

**DONE AND ORDERED** in Tampa, Florida on March 7, 2017.

_Charlene Edwards Honeywell_
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any